**Albert A. TAFT, Plaintiff-Appellant,**

v.

**DONELLAN JEROME, INC., Defendant-Appellee.**

**No. 16872.**

United States Court of Appeals Seventh Circuit.

Feb. 20, 1969.

Anton Dimitroff, Indianapolis, Ind., Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., of counsel, for plaintiff-appellant.

John W. Edwards, William A. Carroll, Columbus, Ohio, for defendant-appellee, Chastang & Carroll, Columbus, Ohio, of counsel.

· Before KILEY, FAIRCHILD and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff filed suit in the United States District Court for the Southern District, of Indiana to enjoin enforcement of a judgment obtained by the defendant in United States District Court for the Northern District of Illinois. The District Court dismissed the complaint and plaintiff appeals.

In 1953, Donellan, the defendant herein, filed suit in the United States

District Court for the Northern District of Illinois against Trylon Metals, Inc., John Buckley and Albert Taft, the plaintiff herein, to recover the cost of merchandise shipped to Trylon on the basis of certain misrepresentations. The marshal's return of service showed personal service on Taft. However, Taft did not appear. As a result, a default judgment was entered against Taft in 1953 in the amount of $9,423.16.

In 1966, Donellan sought to revive and enforce the judgment in the United States District Court for the Northern District of Ohio. Taft opposed revival by filing a motion to vacate under Rule 60(b) of Federal Rules of Civil Procedure,[1] which motion was denied.[2]

In November of 1966 Taft brought an action in the United States District Court for the Northern District of Illinois under Rule 60(b) to vacate the default judgment. The court denied the motion for failure to comply with local Rule 7, designation of a member of the local bar to receive service. A motion to vacate that order was also denied.[3]

Taft, then, filed this action in the United States District Court for the Southern District of Indiana to enjoin enforcement of the judgment and to award Taft $5,000 compensatory damages and $5,000 punitive damages.[4] Taft appeals from the granting of defendant's motion to dismiss.

■ Plaintiff has an adequate remedy at law and since he failed to exhaust his legal remedies under Rule 60(b) (4), he should not be allowed to bring an equitable action in another jurisdiction.

■ Plaintiff attacks the 1953 judgment on two bases: lack of jurisdiction over the person and fraud on the court. Certainly, under F.R.Civ. Pro. 60(b) (4), plaintiff may attack the judgment for lack of jurisdiction over the person at any time since a judgment rendered without jurisdiction over the person would be void. While a signed return showing service by the marshal is

1. Rule 60. Relief from Judgment or Order

    *    *    *    *    *

    (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. As amended Dec. 27, 1946, and Dec. 29, 1948, effective Oct. 20, 1949.

2. The Ohio District Court found that the judgment was on file and, therefore, there was jurisdiction to revive.

3. Taft had appointed local counsel but the Clerk's office made a mistake in recording it.

4. In the first complaint, Taft failed to include the claims for damages and the defendant filed a motion to dismiss for lack of jurisdiction. Taft, then, amended his complaint to include a count for damages.

*prima facie* evidence of valid service, a party may still have his day in court to prove otherwise. Hicklin v. Edwards, 226 F.2d 410 (8th Cir. 1955). While plaintiff does not have an adequate remedy under Rule 60(b) (3) for fraud,[5] Rule 60(b) does not "limit the power of the court * * * to set aside a judgment for fraud upon the court." Such motion must be brought in the court which rendered the original judgment. 7 Moore, Federal Practice ¶60.33 at 504–05 (2d ed. 1968).

Therefore, since plaintiff has an adequate remedy at law, this equitable cause of action must be dismissed.

Plaintiff's claim for compensatory and punitive damages is based on his success in voiding the prior judgment and must therefore be dismissed.

Affirmed.

---

5. Under Rule 60(b) a motion to upset a judgment for fraud may only be brought within a year after judgment is rendered.