Charles PACURAR, Individually and as Representative of the Citizens and Taxpayers of the City of East Chicago, Indiana, as a Class, Plaintiff-Appellee,

v.

Miles A. HERNLY, Defendant-Appellant.

No. 79–1402.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 5, 1979.

Decided Nov. 21, 1979.

Don A. Tabbert, Indianapolis, Ind., for defendant-appellant.

Orest S. Szewciw, Hammond, Ind., for plaintiff-appellee.

Before TONE and WOOD, Circuit Judges, and DUMBAULD, Senior District Judge.[*]

TONE, Circuit Judge.

The district court, acting under Rule 60(b), Fed.R.Civ.P., entered an order modifying a judgment of dismissal for lack of federal jurisdiction that the court had entered more than fifteen months earlier. The modification changed the words "with prejudice" to "without prejudice." This appeal is from the modifying order, which we now affirm.

On November 28, 1977, the district court entered an order granting defendant's motion to dismiss; the sole ground for the ruling was that, because both plaintiff and defendant were residents of Indiana, diversity of citizenship and hence subject matter jurisdiction were lacking. Notwithstanding Rule 41(b), Fed.R.Civ.P., which recognizes that a dismissal for lack of jurisdiction does not operate as an adjudication upon the merits, the separate judgment entered with the order granting the motion recited that the action was dismissed "with prejudice."

Plaintiff took no action to correct the judgment for over fifteen months. At last, on March 16, 1979, his counsel moved to amend the judgment "nunc pro tunc" by changing "with prejudice" to "without prejudice." The day the motion was filed[1] the court granted it and entered an order making the requested change in the judgment. From that order defendant appeals.

Defendant contends that the motion was necessarily made under ground (1) of Rule 60(b), "mistake, inadvertence, surprise, or excusable neglect," and therefore was governed by the one-year limitation applicable to grounds (1), (2), and (3) of the rule. Plaintiff relies on ground (6), "any other reason justifying relief from the operation of the judgment." Another pertinent ground is (4), "the judgment is void." Motions based on grounds (4), (5), and (6) are not subject to the one-year limitation but "shall be made within a reasonable time." Rule 60(b).

This is not a case like *McCormick v. Sullivant*, 23 U.S. (10 Wheat.) 192 (U.S. 1825), 6 L.D. 300, in which the court adjudicated the merits on a record that merely failed to show federal diversity jurisdiction, or *Des Moines Navig. & R. Co. v. Iowa Homestead Co.*, 123 U.S. 552, 8 S.Ct. 217, 31 L.Ed. 202 (1887), in which the record showed absence of diversity but no jurisdictional objection by the parties. *See generally* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart & Wechsler's The Federal Courts and the Federal System* 841–42 (2d ed. 1973); *Restatement (Second) of Judgments* § 15 & Comments & Reporter's Note (Tent. Draft No. 6, 1979). If it were, as the two cited cases show, absence of jurisdiction could not be the basis for a collateral attack. The judgment would not be a nullity. It would have preclusive effect in a later

---

[*] The Honorable Edward Dumbauld, Senior District Judge of the United States District Court for the Western District of Pennsylvania, is sitting by designation.

1. Service on counsel for defendant was by mail, and was not effected until after the entry of the order, which occurred the day the motion to amend was filed. Counsel for the defendant complains of this, but the point is academic because the normal procedure in the Northern District of Indiana, we are advised by defendant's counsel, is to respond to motions in writing rather than orally, and the district court acted before a response could have been filed even if service had been made prior to the filing of the motion. Although the court did not follow its normal procedure with respect to motions, its failure to do so does not affect the result here, since defendant had an opportunity to present its argument on the merits to this court.

action between the parties on the same claim. It could not be set aside as a void judgment under Rule 60(b)(4), and the appropriateness of relief under Rule 60(b)(6) would be dubious at best. The one-year limitation would apply, even assuming that Rule 60(b)(1) could be invoked and delay in presenting the motion was otherwise reasonable.

 In the case at bar, however, Rule 60(b)(4) is applicable. The explicit adjudication in the order that jurisdiction was lacking precludes any inference that a determination of the existence of jurisdiction was a component of the judgment. It follows from the adjudication of lack of jurisdiction that the purported adjudication of the merits in the judgment was beyond the power of the court, a "legal nullity" that "may be vacated by the court which rendered it at any time." 7 *Moore's Federal Practice* ¶ 60.25[4], at 315 (2d ed. 1979). Professor Moore points out that, as applied to a motion for relief from a void judgment under Rule 60(b)(4), the "reasonable time" limitation in Rule 60(b) "must generally mean no time limit," at least absent exceptional circumstances not present here. *Id.; see also id.* ¶ 60.28[3], at 404.

Assuming that prejudice resulting from the delay in presenting the motion could affect the power of the court to expunge the anomalous adjudication of the merits from its judgment, *see id.* ¶ 60.25[4], at 315 & n. 9, counsel for defendant is unable to point to any prejudice resulting from his adversary's lack of diligence. We are advised that for all or most of the period during which the 1977 judgment languished unamended, an action has been pending between the parties on the same claim in a state court. That action is still unresolved. The defendant has thus not been misled to believe that the controversy had been put to rest or to change his position in reliance on the federal judgment. The district court did not err or abuse its discretion in amending the judgment.

AFFIRMED.

HARLINGTON WOOD, Jr., Circuit Judge, concurring.

I agree with the result reached as ably expressed by Judge Tone, and only add an observation.

The plaintiff filed his complaint in May 1977. Defendant filed a timely Motion to Dismiss supported by his brief. Under the local rules, plaintiff had fifteen days within which to respond. Not only did plaintiff not file a response within the provided time, he never did. A few months later the case was dismissed. Plaintiff had notice of that dismissal but raised no question about it for another sixteen months. Plaintiff totally neglected his lawsuit for well over a year and a half. Plaintiff's neglect is what caused this case to be brought here. If I could avoid rewarding that neglect, I would.