**HAWKEYE SECURITY INSURANCE COMPANY, Plaintiff,**

v.

**Minnie PORTER, Personal Representative of the Estate of Arthur Buck, John D. Robusto, and State Farm Mutual Automobile Insurance Company, Defendants.**

**No. S 81–120.**

United States District Court, N. D. Indiana, South Bend Division.

Sept. 24, 1982.

James F. Groves, South Bend, Ind., for plaintiff.

Arthur A. May, Thomas Blackburn, South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case was filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, with jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. The action is presently before this Court on plaintiff's, Hawkeye Security Insurance Company, motion for summary judgment. The background facts are not in dispute.

On May 26, 1978 an automobile being driven by Arthur Buck collided with another vehicle being driven by John D. Robusto. At the time of the accident, the plaintiff was Mr. Buck's insurance carrier, while Mr. Robusto's insurer was defendant, State Farm Mutual Automobile Insurance Company, (State Farm). Seventeen months later, on October 24, 1979, plaintiff received a letter from an attorney on behalf of Mr. Robusto concerning the collision; this was apparently the first notice given the plaintiff of the accident. On December 19, 1979, Arthur Buck died.

On May 23, 1980, John Robusto filed a personal injury action against Arthur Buck in state court. State Farm intervened in that proceeding to protect its interests under the policy's uninsured motorist provision. After intervention was granted, State Farm made claim against the plaintiff, Hawkeye Security Insurance Company, for any sums State Farm might be required to pay its insured, John Robusto.

On April 2, 1981, plaintiff filed this action in federal court seeking declaratory relief. Specifically, plaintiff seeks a determination of its obligation, if any, to defend or indemnify the estate of Arthur Buck under the terms of the underlying insurance policy. Plaintiff included as party defendants Minnie Porter, Personal Representative of the Estate of Arthur Buck; John D. Robusto; and State Farm.

On July 24, 1981, this Court entered default judgment against Minnie Porter in her capacity as the estate's personal repre-sentative. On July 19, 1982, plaintiff filed its motion for summary judgment, arguing that this Court's entry of default judgment acted to relieve the plaintiff from any obligation to defend or indemnify Arthur Buck's estate in the state court action, and therefore no genuine issues of material fact remained. Thereafter, on September 9, 1982, defendant, State Farm, filed its memorandum in opposition to the plaintiff's Motion for Summary Judgment. After a pretrial conference on the following day, September 10, 1982, where both parties argued the motion for summary judgment, said motion was taken under advisement by this Court.

■ Federal Rule of Civil Procedure 17(b) states, in relevant part:

The capacity of an individual, *other than one acting in a representative capacity,* to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. *In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held.* (emphasis added).

In the present case, Minnie Porter was sued in this federal court in her capacity as personal representative of the estate of Arthur Buck; hence, Indiana law applies.

■ Under the law of the State of Indiana, a cause of action survives the death of the person entitled to or liable for such action, if brought by or against the personal representative of the decedent. Ind.Code Ann. § 34–1–1–1 (Burns 1982). However, the discharge of the personal representative by the probate court acts not only as a release from any further duties to the estate, but acts also as a bar to suit against the personal representative's fraud, mistake, or wilful misconduct. Ind.Code Ann. § 29–1–17–13 (Burns 1971).

On examination of the record in this case reveals that the probate of Arthur Buck's estate was completed on January 26, 1981, at which time Ms. Porter was discharged as personal representative. The present ac-

tion was not filed against Minnie Porter in her representative capacity until April 2, 1981; thus, a gap of more than two months separates the closing of Arthur Buck's estate (and the release by the probate court of Ms. Porter as the estate's personal representative) from the filing of this action on April 2, 1981. Further, there is no showing in the record that plaintiff alleged any fraud, mistake, or wilful misconduct on the part of Minnie Porter as personal representative of the estate. Thus, at the time of the filing of this action in federal court, Minnie Porter was no longer personal representative of the estate, and said estate had ceased to exist as a legal entity.

Since an estate must cease to exist as a legal entity once it has been fully probated and the personal representative has been discharged, it necessarily follows that the default judgment entered by this Court on July 24, 1981 against Minnie Porter in her capacity as personal representative of Arthur Buck's estate constitutes a judgment against a non-entity. A judgment against a non-entity is a void judgment, *Rich v. Fidelity Mutual Company of Indianapolis,* 137 Ind.App. 619, 207 N.E.2d 850 (1965), and a void judgment is a legal nullity. See, *e.g., Kansas City Southern Railway Co. v. Great Lakes Carbon,* 624 F.2d 822 (8th Cir. 1980), *cert. den.,* 449 U.S. 955, 101 S.Ct. 363, 66 L.Ed.2d 220.

Defendant State Farm argues in Part II of its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment that this Court should set aside its earlier entry of default judgment on the grounds set forth above, i.e., that said judgment was a nullity and void. Construing defendant's request as a motion to set aside a default judgment under Rule 55(c) of the Federal Rules of Civil Procedure, Rule 55(c) provides that the setting aside of the earlier judgment be in conformity with Rule 60(b).

Rule 60(b)(4) states, in relevant part: On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

\* \* \* \* \* \*

(4) the judgment is void;

\* \* \* \* \* \*

The motion shall be made within a reasonable time ...

Because Rule 60(b) of the Federal Rules of Civil Procedure requires that the motion shall be made within a reasonable time, the only question remaining before this Court is whether defendant State Farm's motion to set aside, filed more than one year after the entry of default judgment, was made within a reasonable time.

The reasonable time criterion of Rule 60(b) as it relates to void judgments means, in effect, no time limitation, because a void judgment is no judgment at all. *Taft v. Donellan Jerome, Inc.,* 407 F.2d 807 (7th Cir. 1969). Therefore, the court that entered a void judgment may vacate it at any time. 7 J. Moore, Federal Practice ¶ 60.-25[4], p. 315 (2d ed. 1982); 11 Wright & Miller, Federal Practice and Procedure § 2862, p. 197 (1973); Lavine & Horning, Manual of Federal Practice § 7.87, p. 575 (2d ed. revised, 1979).

For the above-stated reasons, defendant State Farm's motion to set aside this Court's entry of default judgment against Minnie Porter as personal representative of the estate of Arthur Buck is hereby GRANTED. Plaintiff's motion for summary judgment is accordingly DENIED. SO ORDERED.