Theresa **MOORE**

v.

**POSITIVE SAFETY
MANUFACTURING
COMPANY**

v.

**E.W. BLISS and A.V. Weber, Individually
and t/a the Weber Spring Company,
and Hahn Machinery Corporation
a/k/a Power Press Specialists, Third
Party Dfts.**

Civ. A. No. 75–3651.

United States District Court,
E.D. Pennsylvania.

July 29, 1985.

Charles J. King, Jr., Norristown, Pa., for plaintiff.

Benjamin E. Zuckerman, Norristown, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This case was dismissed by agreement of the parties on December 1, 1976. On January 31, 1985, plaintiff filed a motion for relief from the order of December 1, 1976, on the grounds that it was erroneous and/or entered without subject matter jurisdiction. For the reasons that follow plaintiff's motion will be granted.

Stated briefly, the facts relevant to this motion are as follows. Plaintiff originally brought an action against Positive Safety Manufacturing Co. Jurisdiction was based on diversity of citizenship. Positive Safety then brought a third-party action against Hahn Machinery Corporation, and plaintiff subsequently filed a direct claim against Hahn. As to plaintiff and Hahn, however, there existed no diversity. I discussed this lack of diversity with counsel at a settlement conference. Plaintiff then agreed to settle. Under this settlement plaintiff would dismiss with prejudice her claim against Positive Safety, and pursue her common law tort claims against Hahn in state court because as to Hahn there existed no basis for federal jurisdiction. *See* "plaintiff's affidavit" filed February 15, 1985. At counsel's request, see November 5, 1976, letter from Christopher Fallon, Jr., Esquire, which appears as an exhibit to plaintiff's motion for relief from judgment, the court's standard 23(b) order was issued by my deputy clerk. This order is as follows:

> AND NOW, TO WIT: 1st day of December 1976 it having been reported that the issues between the parties in the above action have been settled and upon Order of the Court pursuant to the provisions of Rule 23(b) of the Local Rules of Civil Procedure of this Court (effective January 1, 1970), it is

> ORDERED that the above action is Dismissed with prejudice, pursuant to agreement of counsel without costs except as provided by Local Rule 38(d).

In accordance with her stated intentions as shown by the unopposed factual averments of plaintiff's counsel, plaintiff instituted a state court action against Hahn. When this action was called to trial on December 3, 1985, defendant filed a motion

for summary judgment contending my 23(b) order dismissed with prejudice all claims plaintiff possessed against Hahn. Plaintiff immediately filed the present motion for relief from my prior order.

Chief among plaintiff's grounds for relief is that my prior order was entered without jurisdiction and is void. Relief is sought pursuant to Federal Rule of Civil Procedure 60(b)(4). Courts agree that Rule 60(b)(4) is the proper way to challenge an order entered without jurisdiction. *See McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir.1981). What gives me pause, however, is that Rule 60(b)(4) contains the proviso that the motion should be made within a reasonable time. Absent this provision it is clear that plaintiff is entitled to the relief she seeks.

Addressing the reasonable time requirement, one court has stated it "means, in effect, no time limitation, because a void judgment is no judgment at all." *Hawkeye Security Insurance Co. v. Porter*, 95 F.R.D. 417, 419 (N.D.Ind.1982). Apparently agreeing with this theme, the Seventh Circuit, in addressing an attack to a 13 year old judgment stated "plaintiff may attack the judgment for lack of jurisdiction over the person at any time since a judgment rendered without jurisdiction over the person would be void. *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 808 (7th Cir. 1969). In essence "a void judgment cannot acquire validity because of laches...." 11 J. Moore, Moore's Federal Practice ¶ 2862 (1973).

In reliance upon these principles, and the fact that no party contests the truth of plaintiff's factual averments, I conclude plaintiff has moved within a reasonable time and is entitled to the relief she seeks.