948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gilbert M. HAAS, Robert M. Karton L. Louis Karton, et al.,
Plaintiffs/Appellees,
v.
Robert L. LEON, Defendant/Appellant.
 No. 91-1440.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 12, 1991.
Decided Nov. 26, 1991.
 
 Before CUMMINGS and WOOD, JR., Circuit Judges, and CUDAHY, Circuit Judge.
 
 ORDER
 
 1
 Robert Leon appeals the district court's refusal to vacate a default judgment under Fed.R.Civ.P. 60(b)(4). We agree that the district court erred, and thus vacate and remand this case.
 
 I. FACTS
 
 2
 In February of 1988, the district court entered a default judgment against Mr. Leon. Mr. Leon claims that he did not learn of the judgment until December of 1989.[1]
 
 
 3
 Thirteen months after learning of the default judgment, Mr. Leon filed a Rule 60(b)(4) motion to set aside the judgment based on the court's lack of personal jurisdiction. He contended that the court lacked jurisdiction because he "was never served with process in the action, and therefore had no notice or opportunity to be heard prior to entry of the judgment against him." The district court denied Mr. Leon's motion after a hearing, but gave no written explanation. The transcript from the hearing, however, indicates that the judge did not consider Mr. Leon's jurisdictional arguments. Instead, he denied the motion as untimely.
 
 
 4
 On appeal, Mr. Leon argues that the court erred when it refused to vacate because of untimeliness. According to Mr. Leon, there are no time limits for challenging a judgment entered without proper jurisdiction, hence, such a motion cannot be untimely. The plaintiffs-appellees argue that the judge properly dismissed the case because Mr. Leon failed to challenge the judgment within a reasonable time after receiving notice.
 
 II. ANALYSIS
 
 5
 Mr. Leon correctly states that a district court cannot deny a motion to vacate for lack of jurisdiction simply because the motion was untimely. A judgment entered without jurisdiction is a legal nullity. Thus, if a district court determines that it does not have jurisdiction, it must vacate the judgment. In Mr. Leon's case, the district court never ruled on jurisdiction. This court must, therefore, remand the case to allow the court to make findings and to vacate the judgment if necessary.
 
 
 6
 A default judgment must be vacated if the district court lacked personal jurisdiction over the party against whom it was entered. Fed.R.Civ.P. 60(b)(4). Although Rule 60(b)(4) requires parties to request vacation within a reasonable time, "the reasonable time criterion of Rule 60(b) as it relates to void judgments means no time limit." Rodd v. Region Constr. Co., 783 F.2d 89, 91 (7th Cir.1986). This is because a void judgment, such as one entered without personal jurisdiction, is a legal nullity, which cannot be validated by the passage of time, even if the amount of time is inordinate. Pacurar v. Hernly, 611 F.2d 179, 181 (7th Cir.1979).
 
 
 7
 This rule limits the power of the district courts. Although technically all Rule 60(b) motions are within the discretion of the district court, and appellate courts review decisions using an abuse of discretion standard, district courts actually have little leeway in Rule 60(b)(4) cases. Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 400 (7th Cir.1986). After a district court determines that "the underlying judgment is void because the court lacked personal or subject matter jurisdiction ... the trial judge has no discretion and must grant the appropriate 60(b) relief." Id. If the trial court has no jurisdiction over the action, "it is a per se abuse of discretion to deny the [60(b)(4) ] motion." Id.
 
 
 8
 Under this standard, even lengthy delays between a default judgment and filing a Rule 60(b)(4) motion do not preclude relief. Seventh Circuit courts have vacated judgments even after extremely long periods of time. In Taft v. Donellan Jerome, Inc., 407 F.2d 807, 808 (7th Cir.1969), for example, the plaintiff waited thirteen years to challenge jurisdiction. Id. In another case, Pacurar, 611 F.2d at 180, the plaintiff was aware that the district court entered judgment against him, but he waited fifteen months to challenge it. Id. The district court, nonetheless, vacated part of the judgment, and this court affirmed. Id. at 181.
 
 
 9
 Despite this precedent, the plaintiffs-appellees urge us to adopt a new rule regarding time limitations. The appellees suggest that the time limit for bringing challenges to notice should be tolled only "until the moving party has reason to know of the judgment" and that courts should require parties to act expeditiously after learning of a judgment.[2]
 
 
 10
 The appellees' rule ignores a good deal of relevant precedent. According to our case law, the rule for vacation on jurisdictional grounds exists because of the nature of personal jurisdiction, not because of fairness to the litigants as the appellees' rule would suggest. If a judgment is a legal nullity, the passage of time and the knowledge of the moving party are irrelevant. Furthermore, this circuit applies the same rule to all jurisdictional claims regardless of whether there was a problem with notice. In some of these cases, the moving party knew of the judgment from the outset yet delayed filing a motion to vacate. See Pacurar, supra. Despite these delays, we found that vacation was appropriate because moving party brought a jurisdictional challenge.
 
 
 11
 Thus we must reject the appellees' rule and remand this case. Our remand does not mean, however, that the district court should automatically vacate the judgment. After briefing and oral argument, we question whether Leon can prove his jurisdictional claims. Hence we remand to allow the district court to make jurisdictional findings. Only if it lacked jurisdiction, should it vacate the judgment.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 [1]
 After reading the briefs, it was uncertain whether Mr. Leon had actual knowledge of the judgment in May or in December of 1989. Both parties, however, agreed at oral argument that Leon did not have notice until December
 
 
 [2]
 At oral argument, the appellees suggested that their rule was consistent with existing precedent because notice is not a jurisdictional issue. This is incorrect. Notice is necessary to confer jurisdiction on a court. Apple v. Jewish Hosp. and Medical Center, 829 F.2d 326, 332 (2nd Cir.1987); see also Taft, 407 F.2d at 808-09