In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-2719

CHAD E. MATHIS,

*Plaintiff-Appellant,*

*v.*

METROPOLITAN LIFE INSURANCE COMPANY,
a.k.a. METLIFE, *et al.,*

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:18-cv-01893-JRS-DLP — **James R. Sweeney II**, *Judge.*

_____

ARGUED APRIL 1, 2021 — DECIDED AUGUST 30, 2021

_____

Before MANION, ROVNER, and ST. EVE, *Circuit Judges.*

MANION, *Circuit Judge.* Dr. Chad Mathis served as an orthopedic surgeon in Alabama. He had a disability-insurance policy issued by Standard Insurance. This policy provided "occupational disability coverage." It insured his income if he became disabled and unable to work as an orthopedic surgeon. This coverage applied even if he obtained (or was able

to obtain) other employment. In other words, it covered Dr. Mathis if he was unable to perform his *occupation*, regardless of whether he was otherwise gainfully employed.

Dr. Mathis switched insurance policies. But the new policy turned out to be different from what he wanted and expected. So he sued Lee Moore (the insurance broker) and Source Brokerage for negligent procurement. Dr. Mathis also sued MetLife (the new insurer) for breach of contract because MetLife did not pay him the entire sum he thought even the new, wrong policy required.

The district judge dismissed the negligent-procurement claim with prejudice and granted summary judgment to MetLife on most of the breach-of-contract claim. A narrow portion of the contract claim survived: the claim for the period from August 21 to September 30, 2017. Dr. Mathis and MetLife then settled this narrow portion. So the case ended below.

Dr. Mathis appeals. He argues Indiana law, not Alabama law, should govern his negligent-procurement claim. And he argues his breach-of-contract claim is not ripe. We disagree on both points and affirm.

## I. Background

Moore served as an insurance broker based in Indiana. He was Dr. Mathis's insurance agent. Sometime before November 16, 2006, Moore advised Dr. Mathis to replace his Standard Insurance disability-insurance policy with a MetLife disability-insurance policy with higher limits. Moore told Dr. Mathis that the MetLife policy provided occupational disability coverage, like the Standard Insurance policy. So Dr. Mathis switched. Moore arranged with Source Brokerage to procure the MetLife policy.

Here's the problem. The MetLife policy did *not* provide occupational disability coverage. Instead, the MetLife policy provided total disability coverage *only if* Dr. Mathis is not gainfully employed. And the MetLife policy provided residual disability coverage only under various limitations. But no one recognized the problem for many years.

Dr. Mathis became disabled in March 2017. Neck and arm problems prevented him from performing some of his duties at various times. He resigned from his practice in April 2017 and began working as an orthopedic surgeon at a different practice. In June 2017, he underwent surgery on his neck. He then returned to his work. But by the end of September 2017, he could no longer work at his usual level and his income had decreased. He left his new practice in March 2018 and began working for a device manufacturer in a nonsurgical capacity. He has performed no surgeries since then.

Dr. Mathis did not learn that his MetLife policy did not provide occupational disability coverage until after he became disabled in 2017. It is undisputed that Dr. Mathis continued to be gainfully employed after his disability onset, so he has no claim to payment of benefits under the total disability coverage of the MetLife policy.

The residual disability monthly benefit is calculated by comparing earnings during the month claimed with earnings before the disability began. The policy requires written proofs of loss: "Written proof of loss satisfactory to [MetLife] must be sent to [MetLife] within 90 days after the end of each monthly period for which You claim benefits. … After [MetLife receives] Written proof of loss, [MetLife] will pay the benefits due under the policy."

MetLife paid residual disability benefits to Dr. Mathis for April through August 20, 2017. But MetLife determined he was not entitled to residual disability benefits for the rest of August or September 2017. Dr. Mathis admits he did not submit any proof of loss to MetLife for any month after September 2017. MetLife has not paid any benefits to Dr. Mathis for any period after September 2017. The policy lapsed in December 2018 due to Dr. Mathis's failure to pay premiums.

Dr. Mathis sued Moore and Source Brokerage for negligent procurement. He claimed they "negligently failed to become familiar with the MetLife Policy and negligently failed to insure [him] for a total disability within his occupation as an orthopaedic surgeon (without the need to be gainfully employed)."

Dr. Mathis also brought a breach of contract claim against MetLife. He claimed it breached the terms of the policy it issued by failing to pay him the full amount of disability benefits owed under that policy.

On March 28, 2019, the district judge dismissed the negligence claims against all Defendants with prejudice. Sitting in Indiana, the district judge applied Indiana's choice-of-law rules and determined that Alabama law, rather than Indiana law, applied to the negligence claims. So the district judge applied Alabama law and concluded that Dr. Mathis's contributory negligence in failing to read the new policy barred his negligence claims and that the Alabama statute of limitations also barred his negligence claims. The judge dismissed the negligence claims with prejudice. He also determined that Alabama law applied to Dr. Mathis's breach-of-contract claim against MetLife. The judge granted Dr. Mathis leave to amend his contract claim to try to bring it under Alabama law.

Dr. Mathis amended his complaint. He claimed he performed all conditions of the MetLife policy but MetLife breached the policy by failing to pay total "and/or" residual disability benefits.

On July 6, 2020, the judge granted partial summary judgment to MetLife on the breach-of-contract claim. He held that Dr. Mathis failed to comply with his contractual obligation to submit proofs of loss for any period after September 30, 2017. Therefore Dr. Mathis, as a matter of law, could not prove a breach-of-contract claim for any period after that date. A portion of Dr. Mathis's breach-of-contract claim—seeking benefits for the period from August 21, 2017, through September 30, 2017—survived summary judgment. The parties then settled that portion.

Dr. Mathis appeals. The only claims before us are his negligent-procurement claims against Moore and Source Brokerage and his breach-of-contract claim against MetLife for periods after September 30, 2017.

## II. Analysis

### A. Negligent procurement

Dr. Mathis claims Moore and Source Brokerage procured the wrong policy. Dr. Mathis wanted the same sort of coverage he already had: occupational disability coverage that insured his income as an orthopedic surgeon if he were no longer able to be an orthopedic surgeon but were still able to work at something else. But his new MetLife policy did not provide that coverage. Instead, it conditioned payment of benefits on various employment factors and other factors.

The district judge faced a conflict of laws. We review his resolution of this conflict *de novo. Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 546 (7th Cir. 2009).

A federal court sitting in diversity applies state "substantive" law and federal "procedural" law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Horne v. Elec. Eel Mfg. Co., Inc.*, 987 F.3d 704, 713 (7th Cir. 2021).

But does Indiana law or Alabama law apply? Dr. Mathis urged the judge to apply the law of Moore's home, Indiana. But Defendants pressed the judge to apply the law of Dr. Mathis's home, Alabama.

The district judge sits in Indiana, so he applied Indiana's choice-of-law rules. *See West Bend Mut. Ins. Co. v. Arbor Homes LLC*, 703 F.3d 1092, 1095 (7th Cir. 2013) ("A district court sitting in diversity must apply the choice of law principles of the forum state (in this case Indiana) to determine which state's substantive law governs the proceeding.").

The first step in (or a pre-requisite to) Indiana's choice-of-law analysis is to determine whether there is an actual, material conflict of laws. *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004).

Here, there is an actual, material conflict. Indiana law holds that "reasonable reliance upon an agent's representations can override an insured's duty to read the policy." *Filip v. Brock*, 879 N.E.2d 1076, 1084 (Ind. 2008). But Alabama law recognizes contributory negligence (like failing to read your own insurance policy) as a complete bar. *Alfa Life Ins. Corp. v. Colza*, 159 So.3d 1240, 1253 (Ala. 2014). Dr. Mathis concedes that if Alabama law applies, then he loses his negligent-procurement claims.

When there is an actual, material conflict of laws, as there is here, Indiana's next step in tort cases is to presume that the traditional *lex loci delicti* rule applies and that the applicable law is the law of the place of the wrong. *Simon*, 805 N.E.2d at 805. In tort cases, the place of the wrong is the place where the last event necessary to make an actor liable occurred (or allegedly occurred). *Id.*

The last event necessary for liability here is the injury. *Id.* at 806; *see also Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1164–65 (Ind. 2002) ("[T]he reliance and consequent damage incurred by the plaintiffs is the 'last event' necessary to establish the elements of misrepresentation of a material fact reasonably relied upon."). The claimed injury occurred (or allegedly occurred) in Alabama. Dr. Mathis lived in Alabama.[1] He earned income in Alabama. He allegedly sustained economic loss in Alabama.[2] Thus Alabama is the *loci delicti*, and we presume Alabama law applies.

The presumption to apply the law of the State where the wrong occurred can be overcome if that State "bears little connection to this legal action." *Simon*, 805 N.E.2d at 805 (internal quotation mark omitted).

Here, Dr. Mathis cannot overcome the presumption to apply Alabama law. Alabama bears a significant connection to this case. When Dr. Mathis applied for the MetLife policy, he lived and worked in Alabama. He held a license to practice in

---

[1] At some point, Dr. Mathis moved to Massachusetts. But he does not claim Massachusetts law applies.

[2] He may have conceded below that he first suffered injury in Alabama. (Pl.'s Resp. Def. Moore's Mot. Dismiss, DE 39 at 7 ("the losses of monthly benefits may have started in Alabama").)

Alabama. He lived and worked in Alabama when the policy was issued. The policy was delivered to him in Alabama. The policy insured the income he earned in Alabama. He sustained at least some of his alleged economic losses in Alabama. Alabama regulates insurance transactions with its residents. Alabama has an interest in protecting Dr. Mathis and his income. Thus Alabama bears far more than a "little connection" to this case.

The district judge did not err in applying Alabama law. And under Alabama law, the negligent-procurement claims fail, as Dr. Mathis concedes.[3]

**B. Breach of contract**

Even under the MetLife policy, Dr. Mathis claims he is entitled to more benefits than he received. The only portion of the breach-of-contract claim at issue in this appeal is the claim for residual disability benefits for periods after September 30, 2017. But Dr. Mathis concedes he never submitted proofs of loss for any periods after September 30, 2017.

Again, Alabama law applies.[4] In Alabama, the elements of a breach of contract are: (1) the existence of a valid contract binding the parties, (2) the plaintiff's own performance under the contract, (3) the defendant's nonperformance, and (4)

---

[3] We rest our decision regarding the negligent-procurement claims on contributory negligence. We make no comment on the statutes of limitations.

[4] On appeal, Dr. Mathis does not argue that Indiana law should apply to his breach-of-contract claim. Instead, he concedes that Alabama law applies: "In the instant diversity case, the District Court was obligated to follow the path that an Alabama trial court would have followed." (Mathis Appellant Br., DE 25 at 25.)

resulting damages. *Dupree v. PeoplesSouth Bank*, 308 So.3d 484, 490 (Ala. 2020).

Here, MetLife argues Dr. Mathis must lose his claim because he did not submit any proofs of loss for any periods after September 30, 2017. Thus he cannot prove the second element of his claim. MetLife also argues Dr. Mathis must lose this claim because MetLife did not fail to perform since its duty to perform is only triggered if Dr. Mathis submits a proof of loss. So Dr. Mathis cannot prove the third element of his claim either.

Alabama mandates compliance with an insurance policy's requirements for proof of loss. *Baldwin Mut. Ins. Co. v. Adair*, 181 So.3d 1033, 1045 (Ala. 2014). The MetLife policy required written proof of loss within 90 days after the end of each monthly period claimed. But Dr. Mathis did not submit any proofs of loss to MetLife for any month after September 2017. Dr. Mathis concedes this.

The heart of Dr. Mathis's appellate argument on his breach-of-contract claim is that it is not ripe. Since it is not ripe, the argument goes, it is not a case or controversy under Article III of the Constitution. Thus the district court lacked subject-matter jurisdiction, he argues.

Dr. Mathis readily admits he flip-flopped on this issue. He invoked federal subject-matter jurisdiction by bringing a diversity suit in federal court and purporting to raise an active, ripe claim and controversy. And he fended off dismissal with prejudice of his breach-of-contract claim by arguing that he *did* perform all conditions the policy required of him. His second amended complaint explicitly alleges his performance: "Mathis performed all conditions of the Policy and its riders,

including but not limited to, paying premiums, providing timely notice of his claim, completing and sending claims' forms," *et cetera*. But now he argues his claim is not ripe.

MetLife also reversed itself on this issue. It moved the district judge to dismiss the breach-of-contract claim for lack of ripeness. Now it argues summary judgment on the merits was proper.

But Dr. Mathis argues his reversal does not matter because federal subject-matter jurisdiction is not waiveable. He is right about this. Federal courts at all levels must assure themselves of their subject-matter jurisdiction. Even if no party contests subject-matter jurisdiction, and the district judge assumes subject-matter jurisdiction, we must address the issue *sua sponte* even if for the first time on appeal. *See Jackson v. Consol. Rail Corp.*, 717 F.2d 1045, 1055 (7th Cir. 1983). If a court lacks subject-matter jurisdiction, a ruling it issues on the merits is void. *See Brownback v. King*, 141 S. Ct. 740, 749 (2021) ("Ordinarily, a court cannot issue a ruling on the merits when it has no jurisdiction because to do so is, by very definition, for a court to act ultra vires." (internal quotation marks omitted)); *In re IKO Roofing Shingle Prods. Liab. Litig.*, 757 F.3d 599, 600 (7th Cir. 2014) ("If the problem deprived the court of subject-matter jurisdiction, then there is nothing for us to do but vacate the order of January 28—and every other order [the judge] entered during the preceding four years."); *Pacurar v. Hernly*, 611 F.2d 179, 181 (7th Cir. 1979).

But here, the district judge had subject-matter jurisdiction over the claim for breach of contract. The case was ripe. A case is ripe when it is "not dependent on contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 141 S. Ct. 530, 535 (2020); *see also Texas*

*v. United States*, 523 U.S. 296, 300 (1998). A case is not ripe "when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008). We review ripeness *de novo*, but we defer to the district judge's underlying factual findings absent clear error. *Church of Our Lord and Savior Jesus Christ v. City of Markham*, 913 F.3d 670, 676 (7th Cir. 2019).

Here, Dr. Mathis alleged he performed the policy's conditions. He did not allege that he was damaged by a speculative future event that might not happen. Rather, he claimed Met-Life damaged him by its past conduct, by a completed breach of contract. So the case was ripe. The judge faced an actual case and controversy. He properly determined that Dr. Mathis's claim "is not an abstract disagreement but rather a concrete and actual dispute between the parties over Met-Life's obligation to pay monthly benefits." (Entry on Cross-Mots. Summ. J., July 6, 2020, DE 137 at 16–17.)

The mere fact that Dr. Mathis is unable to prove his case does not mean that the judge lacked subject-matter jurisdiction. *See McCarter v. Ret. Plan for Dist. Managers of Am. Fam. Ins. Grp.*, 540 F.3d 649, 650 (7th Cir. 2008) ("Plaintiffs' claim may be weak, but the shortcomings of a legal theory differ from a lack of subject-matter jurisdiction."). Dr. Mathis did not and could not waive subject-matter jurisdiction. But he did present a live, ripe, actual case and controversy to the judge. He lost his claim because he failed to prove its elements. But his failure does not mean the district judge lacked subject-matter jurisdiction.

### III. Conclusion

We also considered other arguments raised by Dr. Mathis and found them lacking. The district judge committed no error in disposing of Dr. Mathis's claims. So we affirm.