**BOAZ v. MUTUAL LIFE INS. CO. OF NEW YORK.**

No. 12896.

Circuit Court of Appeals, Eighth Circuit.

Dec. 26, 1944.

Rehearing Denied Jan. 15, 1945.

Ivon Lodge, of St. Louis, Mo. (Otto O. Fickeissen, of St. Louis, Mo., on the brief), for appellant.

James C. Jones, Jr., of St. Louis, Mo. (James C. Jones and Orville Richardson, both of St. Louis, Mo., Louis W. Dawson, of New York City, and Jones, Hocker, Gladney & Grand, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

In this civil action to recover upon the accident provisions of a double indemnity life insurance policy the plaintiff claimed that although the death of the insured (her husband) was self-inflicted, he was insane at the time and that she was, therefore, entitled to recover on the policy under the applicable Missouri law. The trial court dismissed the case for insufficiency of the plaintiff's evidence to show insanity of the insured, and the plaintiff appeals. She contends that there was substantial evidence that the insured was insane when he killed himself, and also that the court acted erroneously and without jurisdiction in setting aside a prior judgment of dismissal of the case without prejudice and in entering the judgment of dismissal with prejudice appealed from. She also complains of rulings on the trial.

It appears that at the close of the plaintiff's evidence on the trial of the case, the court heard arguments on the question of the sufficiency of the showing of insanity and indicated its conclusion that there was no substantial evidence upon which the jury could base a verdict for plaintiff, but at plaintiff's instance and over defendant's objection it permitted her to dismiss her suit without prejudice and excused the jury. Two days later, at the same term of court, the insurance company filed and served on plaintiff a motion to set aside the dismissal without prejudice and to enter an

order of dismissal with prejudice. This motion was heard and within the term the court set aside the dismissal without prejudice and entered the judgment of dismissal appealed from.

■ It is contended for appellant that it results from the new rules, Rules of Civil Procedure 50(a), 50(b), 41(a), 41(b), and 6(c), 28 U.S.C.A. following section 723c, that the court had no power to reconsider its decision and order entered on the trial of the case. The point is made that under Rule 50(b), when a motion for directed verdict is made at the close of all the evidence, the power is reserved to the court to reconsider and change its rulings after the jury has been discharged, but no such reservation is expressed in the rules where defendant moves to direct a verdict under Rule 50(a), or moves to dismiss under Rule 41(b), or where a plaintiff moves to dismiss under Rule 41(a). It is said to follow from the absence of express authority to correct its errors in proceedings under these rules the courts are without such power. This result is said to be emphasized by Rule 6(c).

The contentions are not sustained. Prior to Rule 50(b), in cases where the trial court was required to rule on a motion for directed verdict immediately before submission of the case to the jury, it had been held that the court could not enter a judgment on the motion after the verdict came in, although persuaded that its ruling on the motion was erroneous. Rule 50(b) was mainly to avoid the necessity of new trial under those circumstances. There was no such occasion to reserve the authority to correct errors in proceedings under Rules 50(a), 41(a) or 41(b). The power of the court to dismiss a jury case if it concludes that the plaintiff has no sufficient evidence is recognized in Rule 41(b), and if the court rules erroneously in refusing to dismiss where it ought to dismiss, it has inherent power to correct its error throughout the term. Rule 6(c) does not, either expressly or by implication, deprive the court of such inherent power. The court rightly entertained the insurance company's motion, filed and served two days after the trial, to reconsider and correct the action taken at the close of plaintiff's evidence.

In its opinion filed with the judgment appealed from, reported in 53 F.Supp. 97, the court set out its findings on the plaintiff's evidence with meticulous care and stated that it had been of the opinion at the close of plaintiff's case that there was no substantial evidence upon which the question of accidental death could be submitted to the jury. On the further study necessitated by consideration of defendant's motion and preparation of the opinion, the court again found that the plaintiff had failed to sustain the burden of proof upon her and that there was no substantial evidence of insanity. It also considered that there was no claim of additional testimony for plaintiff on another trial. It concluded that the dismissal without prejudice was erroneous, and that defendant had been and was entitled to have the case dismissed with prejudice.

The appellant has not pointed out any statement of evidentiary fact in the court's opinion claimed to be erroneous, but she complains that "some favorable evidence, as well as reasonable inferences to be drawn therefrom," are omitted, and that "portions of the evidence unfavorable to plaintiff" are emphasized. She has submitted her own "statement" at length, and so has the appellee. As required by the appeal, we have also made our own examination of the evidence and considered all the points argued in respect to it. We think that the statement of the "material facts bearing on the issue" as made by the trial court, who saw and heard the witnesses, fairly reflects the testimony, and there was no material omission or overemphasis. As it has been published we need not repeat it here.

In passing on the question whether the evidence was or was not sufficient to go to the jury, the trial court evidently relied greatly on the opinion of this court in New York Life Ins. Co. v. King, 8 Cir., 93 F.2d 347. There was a suit upon the double indemnity provisions of a Missouri life insurance policy in which the jury had found that the insured, who had killed himself, was insane at the time. The issue on the appeal before this court was whether there was substantial evidence to support the finding of insanity. This court recognized its duty to view the evidence in the light most favorable to the plaintiff and set out the facts in its opinion. When they are compared with the facts in this case the parallel is very striking. The two suicides were substantial, competent, attractive and estimable gentlemen, who under the impact of adverse circumstances became worried, irritable, nervous, depressed, preoccupied and discouraged, and in that state inflicted death upon themselves. No witness

who testified for the plaintiff in either case stated that the insured at any time appeared to be insane and no insane act or omission to act was brought home to the insured in either case. Neither suicide was shown to have had hallucinations or delusions. Experts appeared in both cases who gave opinions favorable to the plaintiffs, but this court refused to consider such an opinion substantial evidence in the King case, and the trial court has followed that precedent here.

■ We have considered all of the minutiae of circumstances claimed to justify a different result in this case from that reached by this court in the King case. It does appear in this case, as it did not in the King case, that the insured became afflicted with a disease. Mr. Boaz had cancer in the lung and suffered pain from it. But there was no evidence that it had affected his mind. Mr. King shot himself, whereas Mr. Boaz intentionally inhaled gas from a gas burner. Mr. King committed the act at his office; Mr. Boaz in the basement at his home. There was no suicide note in the King case, but Mr. Boaz left writings in anticipation of the suicidal act which were properly received by the trial court and considered with the other circumstances.

■ But we think that on the whole there was no more substantial evidence of insanity in this case than in the King case. There was the same lack of preponderance in plaintiff's favor, and recovery here would conflict with the refusal to sustain recovery there.

■ Appellant assigns error in respect to the examination of her witness Dr. A. H. Diehr. He was expected to give an expert opinion on the basis of a combination of the facts of his acquaintance with the insured and the assumptions of hypothetical questions, that the insured was insane at the time of suicide, and the contention is that by reason of erroneous rulings appellant was deprived of the benefit of that opinion. He testified that in his opinion "one who commits suicide is certainly suffering from some mental aberration of some sort", and also that when he saw the insured alive he did not consider him of unsound mind. Dr. Diehr was specializing in surgery and a question was raised of his competency to testify as an insanity expert. But the record shows that the court overruled objection on the ground of incompetency and the failure of the doctor to contribute his opinion resulted from the doctor's own hesitancy. We find no ruling showing a decision by the court to the effect that the doctor was incompetent to give an opinion nor any ruling adverse to plaintiff which was prejudicially erroneous.

■ When the court reached its conclusion, after hearing the evidence and arguments at the trial, that there was no substantial evidence of insanity to go to the jury, no prejudice was occasioned plaintiff by excusing the jury. Although defendant had handed up to the court a request for an instruction to the jury, and the court indicated an intention to give it, a discussion intervened concerning the question whether plaintiff should be allowed to dismiss without prejudice. Plaintiff's counsel orally asked for such an order. Defendant's counsel objected and "asks for judgment in accordance with the motion previously filed for dismissal"; "the defendant objects to * * * dismissal * * * without prejudice, for the reason that no sufficient ground for a dismissal without prejudice was shown * * *." It is evident that the parties and the court understood that the court was then called on to decide whether the plaintiff should have leave to dismiss without prejudice or whether the defendant should have a final dismissal. That was an issue which the court decided at the trial in favor of plaintiff. On the reconsideration required by defendant's motion, the court was convinced that such decision was erroneous. The reasons set forth in its opinion for its final decision on the issue in favor of defendant and for its dismissal of the case we hold to be sufficient. There being no fair probability or even claim on plaintiff's part that additional evidence could be furnished by plaintiff, there was neither error nor abuse of discretion in terminating the lawsuit so far as the district court was concerned, by final dismissal.

Affirmed.

JOHNSEN, Circuit Judge (dissenting in part).

Two constructions of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are involved in the majority opinion, which I think should be emphasized.

The first is that where plaintiff's evidence is insufficient to go to the jury and at

its close defendant moves for a directed verdict or an involuntary dismissal, and there is nothing to indicate with reasonable probability that plaintiff's legal situation will be different on a second action, the court has no discretionary power under Rule 41(a) (2) to allow plaintiff to dismiss without prejudice but should terminate the litigation on its merits.[1] In that view I concur.

The second construction is that where the court in such a situation has erroneously allowed plaintiff to dismiss without prejudice it may thereafter, not merely set aside the dismissal order and reinstate the action, but also adjudicate the merits of the litigation without further proceedings and enter a dismissal with prejudice. On that construction, I disagree.

No question exists, of course, as to the power of the court seasonably to set aside its previous dismissal order and reinstate the action. But under the Rules as they stand, I do not believe that the court can in such a situation reach out and automatically recapture its hold upon the proceedings, which the unconditional termination of the trial and the discharge of the jury, without any reservation at the time, seem to me to have wiped out, and to which the order granting leave to dismiss is wholly unconsanguineous.

I can find no recognition in traditional practice of a right to recapture trial proceedings which have been obliterated, whether wrongly or rightly, without any judgment predicated upon them at the time, nor do the Rules make provision for the exercise of any such power. The Rules do provide for two situations in which the court may make a new disposition of a case, by changing the prior judgment on the merits, without further substantive proceedings. Under Rule 50(b), where the court fails to grant a motion for a directed verdict at the close of all the evidence, provision is made for an automatic reservation of jurisdiction to enter judgment notwithstanding the verdict. So, too, in Rule 52 (b), it is provided that, in actions tried upon the facts without a jury, the court may, after entry of judgment, amend its findings or may make additional findings "and may amend the judgment accordingly." But the fact that express provision has been made in these two situations for changing a judgment whose vitality derives from the trial proceedings does not to me argue in favor of the implication of a right to construct an initial judgment upon trial proceedings which have been previously etherealized.

It is my view, therefore, that the trial court erred in undertaking to recapture and enter a judgment on the previous trial proceedings. I think that when the order allowing dismissal was vacated, the action simply stood reinstated upon the docket, subject to further regular proceedings under the Rules. Whether the situation was one that required a new trial, or whether it was one that was subject to disposition in proceedings for summary judgment under Rule 56, can not and need not here be determined. Plaintiff could not at all be bound by the legal effect of her situation on the former trial, if she had since become able to produce further evidence on the issue of the insured's insanity. Whether she is able to produce any further evidence I do not know, but in any event she is entitled to have that question tested and her consequent rights adjudicated in orderly and recognized proceedings, and not to have disposition made of her action by the telekinetic animation of a dead trial.

---

[1] Where it is made to appear that plaintiff's legal situation probably will be different on another action, the court, of course, does have a discretion in determining whether, on the whole situation, plaintiff reasonably should be allowed to dismiss without prejudice, or whether justice more fairly will be served by terminating the litigation on its merits.