EDNA HOLLOWAY, AN INFANT BY HER NEXT FRIEND, EDWARD HOLLOWAY, AND EDWARD HOLLOWAY AND EDNA HOLLOWAY, INDIVIDUALY, PLAINTIFFS-RE-SPONDENTS, v. LUCIA De CRESCENZO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 24, 1950—Decided May 12, 1950.

Before Judges McGEEHAN, COLIE and EASTWOOD.

*Mr. Charles A. Rooney* argued the cause for appellant.

Respondent did not argue.

The opinion of the court was delivered by

McGEEHAN, S. J. A. D.   At the close of the plaintiffs' case, tried on December 7, 1949, in the Hudson County Court before a jury, the defendant moved for judgment in her favor on the ground "that there has been no proof in this case that any negligence of the defendant was the proximate cause of the injury claimed to have been sustained by the infant plaintiff." No other motion was made. After argument, the court determined "that the plaintiffs have failed to present sufficient evidence to indicate that any negligence on the part of the defendant was the proximate cause of the injury" and ruled: "I will grant the motion for dismissal without prejudice." The plaintiffs then took an "exception" (but see *Rule* 3:46) and the defendant objected to the court's ruling on the ground that it failed to grant her motion as made. Judgment of dismissal without prejudice was entered in favor of the defendant and against the plaintiffs. The defendant appeals on the ground that she is entitled to judgment for the defendant on the motion as made. The plaintiffs have filed no brief.

The plaintiffs' suit, grounded on negligence, involved injuries alleged to have been sustained by the infant plaintiff

on June 11, 1948, while ascending a common stairway leading from the sidewalk to the building where the infant resided with her parents, who are parties to the action. At the close of the plaintiffs' case, the evidence adduced by the plaintiffs, and every legitimate inference which might be drawn therefrom, considered in the light most favorable to them, was insufficient to support a verdict for the plaintiffs. Therefore, the granting of the motion for judgment for the defendant would have been proper. *Earlin v. Mors,* 1 *N. J.* 336 (1949).

The defendant argues that, under *Rule* 3:50, when a motion for judgment is made by a defendant at the close of the plaintiffs' case, the trial judge must grant or deny that motion and has no power to grant a dismissal without prejudice. *Rule* 3:50, as amended November 10, 1949, provides:

"A motion for a directed verdict is superseded, and in its stead a motion may be made for judgment. Judgment on the motion shall be rendered without any action by the jury. A party who moves for judgment at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for judgment which is not granted is not a waiver of trial by jury even though all parties to the action have moved for judgment. A motion for judgment shall state specifically the grounds therefor."

The motion for judgment under this rule is the successor of the motion for a directed verdict under the former practice and it may be made only in a jury trial. *Cf. United States v. United States Gypsum Co.,* 67 *F. Supp.* 397 (*D. C. D. Col.* 1946). If such a motion is granted, it acts as a final adjudication upon the merits. The granting of a motion to dismiss without prejudice does not operate as an adjudication upon the merits (see *Rule* 3:41–2).

Our *Rule* 3:50 was not intended to prevent the trial judge from denying a motion for judgment made under that rule and granting instead a motion for judgment of dismissal without prejudice when the interests of justice so require. *Rule* 3:50 is subject to the general provision of *Rule* 3:1–2

that the rule may be relaxed or dispensed with by the court where it will work injustice or surprise. In the tentative draft of our rules the comment on this rule adopts, with approval, the comment of the Advisory Committee on the Federal Rules for Civil Procedure in a preliminary draft of proposed amendments dated May, 1944, to corresponding Federal Civil Rule 50(a) : "The court may deny a motion for directed verdict made under Rule 50(a) by a party opposing a claim, and permit, under Rule 41(a)(2), the claimant to dismiss without prejudice where the court believes that although there is a technical failure of proof there is, nevertheless, a meritorious claim." *Cf. Boaz v. Mutual Life Ins. Co. of New York*, 53 *F. Supp.* 97 (*E. D. Mo.* 1943) ; affirmed, 146 *F.* 2d 321 (8th *Cir.* 1944).

In this case there was neither surprise nor anything to indicate that injustice would result from the granting of defendant's motion as made, and plaintiffs did not even claim that there was; therefore, there is nothing to support the action of the trial judge in granting a dismissal without prejudice. The court should not only see that equal and exact justice is done between litigants, but also that needless litigation should be speedily determined. The rights of the defendant as well as those of the plaintiffs must be considered, and a defendant should not be deprived of the judgment to which the findings of the court entitle her. *Cf. Settel v. Public Service Railway*, 94 *N. J. L.* 137 (*E. & A.* 1920) ; *Boaz v. Mutual Life Ins. Co. of New York*, 53 *F. Supp.* 97, 102 (*E. D. Mo.* 1943). The court below is directed to enter a judgment in favor of the defendant and against the plaintiffs.

The judgment as modified is affirmed, without costs.