16 F.3d 1126
 28 Fed.R.Serv.3d 1544
 The HERTZ CORPORATION, Plaintiff-Appellant,
v.
ALAMO RENT-A-CAR, INC., Leonard Solomon, Dollar Rent-A-Car
Systems, Inc., Sundance Carriage Corp., Atlas Rent-A-Car,
Inc., Enterprise Leasing Co., Value Rent-A-Car, Inc.,
Vehicle Management Services, Inc., Defendants-Appellees.
 No. 92-4383.
 United States Court of Appeals,
Eleventh Circuit.
 March 21, 1994.
 
 1
 James F. Jorden, Michael D. Joblove and Jonathan E. Perlman, Miami, FL, for plaintiff-appellant.
 
 
 2
 Charles M. Auslander, Fine Jacobson, Joanne M. Rose and Linda Ann Wells, Miami, FL, for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Southern District of Florida.
 
 
 4
 Before KRAVITCH and COX, Circuit Judges, and HOBBS*, Senior District Judge.
 
 HOBBS, Senior District Judge:
 ON PETITION FOR REHEARING
 
 5
 The petition for rehearing filed by appellee Alamo Rent-A-Car is denied. We have modified certain language from our previous opinion in this case, Hertz Corp. v. Alamo Rent-A-Car, Inc., 10 F.3d 768, issued January 3, 1994, which has been withdrawn from publication. The earlier opinion is vacated and withdrawn and the revised opinion is substituted therefor.
 
 REVISED OPINION
 
 6
 Although the contentions and arguments in this case are cast in terms of the Federal Rules of Civil Procedure, the sole issue concerns attorney's fees. The trial court's dismissal without prejudice of appellant Hertz Corporation's complaint prompted counsel for Alamo Rent-A-Car, Inc., to contemplate how to make the losing litigant pay Alamo's attorney's fees. Alamo determined that receiving a dismissal with prejudice was the only way to secure its status as a fee eligible, prevailing party under Florida law. Alamo subsequently convinced the trial court to change a dismissal without prejudice into a dismissal with prejudice. Hertz filed an unsuccessful 60(b)(4) motion to set aside the dismissal with prejudice.
 
 
 7
 An appeal from the denial of Hertz's 60(b)(4) motion brings this matter to our court. Because we are persuaded that the district court lacked jurisdiction to enter the dismissal with prejudice, we reverse.
 
 I. BACKGROUND
 
 8
 Hertz filed suit under the Lanham Act, 15 U.S.C. Sec. 1125(a), and the Florida Deceptive and Unfair Trade Practices Act, Section 501.201, et seq., Florida Statutes (1989), against Alamo and other rental car companies, claiming that the defendant rental car companies were not complying with a Dade County ordinance.[1] On December 13, 1990,[2] the district court dismissed the case without prejudice and granted Hertz leave to file an amended complaint on the condition that it be filed within twenty days.[3] On January 2, 1991, Hertz moved for, and on January 9 the district judge signed an order granting Hertz an extension through January 16, 1991, to amend its complaint. Hertz never filed an amended complaint. Recognizing that Hertz had permitted the time to file an amended complaint to elapse, Value Rent-A-Car, Inc., a codefendant, timely filed a Rule 59(e) motion, within the ten-day period after January 16, asking that the case be dismissed with prejudice as to Value.
 
 
 9
 On February 1, 1991, after the ten-day limit on Rule 59(e) motions had expired, Alamo also moved the district court to enter a final order dismissing the complaint as to Alamo with prejudice. On March 8, 1991, the district court ordered that the case be dismissed with prejudice as to all defendants who had filed dismissal motions.[4] On April 5, 1991, Alamo moved for attorney's fees and costs pursuant to section 501.2105 of the Florida statute. In response, Hertz filed on April 22, 1991, a brief claiming that the district court lacked jurisdiction to grant Alamo's motion for attorney's fees and costs. For several months, both parties filed numerous briefs and reply briefs regarding these matters.
 
 
 10
 It was not until December 3, 1991, almost nine months after entry of the March 8 dismissal with prejudice, that Hertz filed a Rule 60(b) motion to set aside the March 8 dismissal. Hertz contended that the district court lacked jurisdiction to dismiss the case with prejudice as to Alamo because Alamo had violated FED.R.CIV.P. 59(e)'s requirement that a motion to amend an existing judgment, i.e., the judgment of dismissal without prejudice, must be filed within ten days of a judgment's entry.
 
 
 11
 On April 10, 1992, the district court furnished two grounds for its denial of Hertz's Rule 60(b) motion. First, the court stated that it was empowered to dismiss the case with prejudice under either FED.R.CIV.P. 41(b) or 60(b)(6) as a sanction against Hertz for not amending its complaint upon grant of leave. Second, the court explained that even if its dismissal with prejudice as to Alamo was not justified under Rule 59(e), the order was valid because it was made pursuant to Value's timely 59(e) motion. For the reasons hereinafter discussed, these grounds did not authorize the court to alter the judgment dismissing the case without prejudice.
 
 II. DISCUSSION
 A. Dismissal as a Sanction
 
 12
 The trial court offered that it used Rule 60(b)(6) as a sanction against Hertz for failing to file an amended complaint. This constitutes error for two reasons. First, because a leave to amend is permissive, rather than mandatory, Briehler v. City of Miami, 926 F.2d 1001, 1002 (11th Cir.1991), sanctions are inappropriate. See also Mann v. Merrill Lynch, Pierce, Fenner, and Smith, Inc., 488 F.2d 75, 76 (5th Cir.1973) (impermissible to dismiss a case under Rule 41(b) for failure to amend complaint). Second, Rule 60(b)(6) is reserved for instances of genuine injustice, and does not permit a party or a judge to circumvent the clear commands of Rules 6(b) and 59(e). Rule 6(b) forbids a court to enlarge the time within which a Rule 59(e) motion may be served; condoning the trial court's use of Rule 60(b)(6) would serve to undermine finality, resurrect Boaz v. Mutual Life Ins. Co., 146 F.2d 321 (8th Cir.1944),[5] and defeat the ends of Rules 6(b) and 59(e).
 
 B. Effect of Value's Timely Motion
 
 13
 The trial judge reasoned that because one co-defendant, Value, filed a timely Rule 59(e) motion, Alamo was excused from doing so. If this were the rule, there would be no limit--or this court would have to invent one--on the time within which a co-defendant could file a Rule 59(e) motion.[6] Two cases, Sun-Tek Industries, Inc. v. Kennedy Sky Lites, Inc., 848 F.2d 179 (Fed.Cir.1988) (applying law of Eleventh Circuit), cert. denied, 488 U.S. 1009, 109 S.Ct. 793, 102 L.Ed.2d 784 (1989), and Hidle v. Geneva County Bd. of Educ., 792 F.2d 1098 (11th Cir.1986), cert. denied 479 U.S. 1088, 107 S.Ct. 1296, 94 L.Ed.2d 152 (1987), indicate that an untimely Rule 59 motion cannot be salvaged by another party's timely Rule 59 motion. Because neither Hidle nor Sun-Tek involved multiple defendants or plaintiffs, neither squarely addressed the claim that the timeliness of one party's motion might hinge upon the timeliness of a co-party's motion. Although the presence of multiple parties generates a distinctive, and somewhat severable, analytical concern, Alamo fails to convince us that its theory of pendent party post-judgment jurisdiction can be tethered to any rule of civil or appellate procedure.
 
 
 14
 Indeed, those who drafted the federal rules knew how to extend deadlines for co-parties when they wished to do so. Federal Rule of Appellate Procedure 4(a)(3), for instance, extends the time for parties to file their notices of appeal once one of the parties has timely filed a notice of appeal.[7] Rule 4(a)(3) is, at least in part, efficiency driven: in its absence, each party, regardless of her interests, would be forced to file a notice of appeal as a means of anticipatory defense. The rule forecloses such senseless waste while it also provides all parties with sufficient time to defend their rights. Because these concerns are not so dramatically implicated by Rule 59's filing structure, it is unsurprising that the Rules Committee declined to append an analogous time-extension scheme to Rule 59(e). It is evident that the Committee did not intend to create, sub silentio, a Rule 59(e) analogue to FED.R.APP.P. 4(a)(3).
 
 
 15
 Timeliness constitutes a jurisdictional dimension central to both the notice of appeal and the motion for reconsideration. Just as an untimely filed notice of appeal cannot invoke a circuit court's jurisdiction, an untimely filed motion to alter or amend cannot invoke a trial court's jurisdiction. The rigid, uncompromising manner in which the timeliness dictates of FED.R.APP.P. 4(a) are applied to multi-party appeals is informative as to the rigidity with which the timeliness dictates of FED.R.CIV.P. 59(e) will be applied to co-party petitions. In Finch v. City of Vernon, 845 F.2d 256 (11th Cir.1988), this court indicated that one defendant's timely filed notice of appeal would not save a co-defendant's untimely filed notice of appeal despite the fact that the defendants' were jointly and severally liable. Id. at 259. The Finch panel was prepared to countenance the anomalous results that could have flowed from the joint and several liability. The case at bar presents less extreme facts because the liability involved is not joint and several. For this reason, and because the very posture of a Rule 59(e) motion significantly reduces the likelihood that a joint and several problem will arise, we believe it to be prudent to conform the multi-party timeliness requirements of Rule 59(e) to the multi-party timeliness requirements announced in Finch. We therefore hold that Value's timely Rule 59(e) motion did not vest the district court with the authority to entertain Alamo's untimely motion.
 
 C. Timeliness of the Rule 60(b) Motion
 
 16
 Although neither of the two rationales offered by the trial court justifies its attempt to transform the dismissal without prejudice into a dismissal with prejudice, Alamo argues an additional reason to support the trial court's action. Alamo argues that Hertz has failed to comply with the express terms of Rule 60(b)--namely, that the motion must be filed within a "reasonable time." Hertz filed its Rule 60(b) motion nine months after the case had been dismissed with prejudice. Alamo emphasizes that Hertz did not avail itself of two earlier opportunities to challenge the district court's dismissal with prejudice. First, Hertz did not file an opposition to Alamo's February 1, 1991, motion to dismiss. Second, Hertz did not appeal the district court's March 8, 1991, order dismissing the case with prejudice. For these reasons, Alamo contends that Hertz's motion is untimely, and therefore, that the court's order of dismissal with prejudice is immune from Hertz's belated attack.
 
 
 17
 Because Hertz's challenge is a jurisdictional one, we cannot agree. Rule 60(b)(4) is the appropriate vehicle by which to attack jurisdictional defects of purported judgments. 11 WRIGHT & MILLER, Federal Practice and Procedure Sec. 2862 at 200 (1973) [hereinafter WRIGHT & MILLER]. According to Professors Wright and Miller, the time within which a Rule 60(b)(4) motion may be brought is not constrained by reasonableness. Id. at 197-98 (reasonable time limitation "cannot be enforced with regard to this class of motion").[8] This is the express position taken by the First, Fifth, Seventh, Tenth, and D.C. Circuits. See Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir.1992); Briley v. Hidalgo, 981 F.2d 246, 249 (5th Cir.1993); Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind, 841 F.2d 646, 649 (5th Cir.1988); Rodd v. Region Constr. Co., 783 F.2d 89, 91 (7th Cir.1986) ("[T]he reasonable time criterion of Rule 60(b) as it relates to void judgments means no time limit."); V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 (10th Cir.1979) (no time restrictions on a Rule 60(b)(4) motion); Misco Leasing, Inc. v. Vaughn, 450 F.2d 257 (10th Cir.1971) (same); Austin v. Smith, 312 F.2d 337, 343 (D.C.Cir.1962) (same). Our circuit has been less explicit, but has indicated acceptance of this position. Battle v. Liberty Nat'l Life Ins. Co., 974 F.2d 1279 (11th Cir.1992) (per curiam), aff'g, 770 F.Supp. 1499, 1511-12 (M.D.Ala.1991) (reasonable time limitation inapplicable to a 60(b)(4) challenge), cert. denied, --- U.S. ----, 113 S.Ct. 2999, 125 L.Ed.2d 692 (1993).
 
 
 18
 Both WRIGHT & MILLER and MOORE'S agree that the principle of laches does not operate as a bar to a Rule 60(b)(4) motion. 11 WRIGHT & MILLER Sec. 2862 at 197-98; 7 MOORE'S FEDERAL PRACTICE p 60.25 at 242. There is no case law to the contrary. Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind, 841 F.2d 646, 649 n. 6 (5th Cir.1988) (correctly observing that "no court has denied relief under Rule 60(b)(4) because of delay") (emphasis added); see, e.g., Crosby v. Bradstreet Co., 312 F.2d 483 (2d Cir.) (vacating void judgment 30 years after entry), cert. denied, 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412 (1963); Kao Hwa Shipping Co. v. China Steel Corp., 816 F.Supp. 910, 913 (S.D.N.Y.1993) (laches does not apply); Taft v. Donellan Jerome, Inc., 407 F.2d 807, 808 (7th Cir.1969) (entertaining challenge to jurisdiction 13 years after final judgment); Pacurar v. Hernly, 611 F.2d 179, 180-81 (7th Cir.1979) (permitting a challenge by a plaintiff 15 months after he became aware of a default judgment entered against him)[9]; In re Center Wholesale, 759 F.2d 1440, 1447 (9th Cir.1985) ("[A] void judgment cannot acquire validity because of laches."); Austin v. Smith, 312 F.2d 337, 343 (D.C.Cir.1962) (laches never applies, even if delay is five years); Battle v. Liberty Nat'l Life Ins. Co., 974 F.2d 1279 (11th Cir.1992) (per curiam), aff'g, 770 F.Supp. 1499, 1511-12 (M.D.Ala.1991) (laches inapplicable to a 60(b)(4) challenge, even if made 13 years after judgment), cert. denied, --- U.S. ----, 113 S.Ct. 2999, 125 L.Ed.2d 692 (1993). The Supreme Court has stated, regarding a federal court's acquisition of subject-matter jurisdiction, that "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings." Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) (citations omitted); see also Latin American Property & Casualty Ins. Co. v. Hi-Lift Marina, Inc., 887 F.2d 1477, 1479 (11th Cir.1989) ("Subject-matter jurisdiction can never be waived."); accord FED.R.CIV.P. 12(h). Although "[t]ime touches defective decrees," it can give them "no vital force." Payne v. Consolidation Coal Co., 538 F.Supp. 950, 955 (W.D.Va.1982) (quoting Howe v. Howe, 179 Va. 111, 18 S.E.2d 294, 300 (1942)). Hertz's nine month delay in invoking Rule 60(b)(4), therefore, does not defeat its motion.
 
 D. Merits of Rule 60(b)(4) Motion
 
 19
 Having decided that Hertz's 60(b)(4) motion is properly before us, we turn to the merits of that motion. Our initial task is to determine whether Alamo's motion to dismiss with prejudice is properly classified as a Rule 59(e) motion, in which case Alamo's motion was late, or as a Rule 41 motion, in which case Alamo's motion was timely. The determination is governed by functions rather than labels, Burnam v. Amoco Container Co., 738 F.2d 1230, 1231-32 (11th Cir.1984) (per curiam),[10] for a Rule 59(e) motion is characterized as a motion seeking "reconsideration of substantive issues resolved in the judgment and not [as] a motion that [raises] exclusively collateral questions regarding what is due because of the judgment." Osterneck v. E.T. Barwick Indus., 825 F.2d 1521, 1526 (11th Cir.1987), aff'd sub nom. Osterneck v. Ernst & Whinney, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989).[11]
 
 
 20
 Alamo asked that the dismissal without prejudice--a judgment requiring consideration of the elements of the cause of action--be transformed into a dismissal with prejudice. Alamo's request did not simply seek what was "due because of the judgment;" it sought "a change in the judgment." White v. New Hampshire Dep't. of Employment Security, 455 U.S. 445, 452, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982) (quoting Knighton v. Watkins, 616 F.2d 795, 797 (5th Cir.1980)) (emphasis added); see also Finch v. City of Vernon, 845 F.2d 256, 259 n. 3 (11th Cir.1988) (motion to alter or amend seeks reconsideration of that which is "a part of the judgment") (emphasis in original). This change could not have been accomplished by examining exclusively collateral matters; it could only be accomplished by reviewing and overhauling the substance of the judgment. Alamo's motion, therefore, falls within Rule 59(e)'s purview.
 
 
 21
 It follows that we are unable to classify the motion as a Rule 41 motion, for this would frustrate the very purpose for which Rule 59(e) was designed. According to Professor Moore, Rule 59(e) was meant "to undo the result reached in Boaz v. Mutual Life Ins. Co. of New York, 146 F.2d 321 (8th Cir.1944), ... in which the Eighth Circuit stated that the district court had inherent power throughout the term to set aside a dismissal without prejudice and enter a judgment of dismissal with prejudice." 6A MOORE'S FEDERAL PRACTICE p 59.12 (2nd ed. 1993) (emphasis added); accord FED.R.CIV.P. 59(e) advisory committee's note (reporting that the rule was "added to care for a situation such as that arising in Boaz "); see also Osterneck v. E.T. Barwick Indus., 825 F.2d 1521, 1528 n. 11 (11th Cir.1987) (identifying Rule 59(e) as "the only vehicle by which prior district court judgments may be 'amended' "), aff'd sub nom. Osterneck v. Ernst & Whinney, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). Thus, a district court possesses the power to transform a dismissal without prejudice into a dismissal with prejudice, but this power must be exercised within a 10-day time frame. See, e.g., Burnam v. Amoco Container Co., 738 F.2d 1230, 1232 (11th Cir.1984) (per curiam) (Rule 59(e) procedures available to court sua sponte so long as court acts within ten days).[12]
 
 
 22
 The strictures of Rule 59(e) remain dormant, however, until a final judgment has been entered. Alamo contends that the January 16 dismissal without prejudice simply marked the expiration of the time within which the complaint could be amended, but that it did not embody the entry of a final judgment. Our court resolved a similar question in Schuurman v. Motor Vessel Betty K V, 798 F.2d 442 (11th Cir.1986), where we held that "an order dismiss[ing] a complaint with leave to amend within a specified time period ... becomes final (and therefore appealable) when the time period allowed for amendment expires." Briehler v. City of Miami, 926 F.2d 1001, 1002 (11th Cir.1991) (discussing Schuurman, 798 F.2d at 445). Rule 54 defines a judgment as "any order from which an appeal lies." Since the time period for Hertz to amend ended on January 16, the dismissal became appealable under Schuurman, and it is properly characterized as a final judgment.
 
 
 23
 Although Alamo acknowledges that Schuurman deems such an order final, Alamo asserts that the January order was final only for purposes of appeal. In support of this conclusion, Alamo directs this court's attention to the following language from Schuurman: "If the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court, and the dismissal order becomes final at the end of the stated period." Schuurman, 798 F.2d at 445 (emphasis added). According to Alamo, the phrase "absent leave of court" indicates that the court may extend the time to file an amended complaint even if a request for extension has not been made until after the deadline has passed. This logic would have allowed Hertz to seek permission to amend the complaint after the January 16 date. This reading, if correct, would suggest that the Schuurman order was not final for all purposes, and perhaps only for purposes of appeal.
 
 
 24
 Alamo's reading, however, is not correct, for the phrase "absent leave of court" simply means that once the court has identified the date upon which the leave to amend expires, that expiration date becomes the date of the final order unless the court grants an extension of time upon consideration of a motion filed before the expiration date has passed. If a request for an extension is submitted before the original expiration date has passed, and the court subsequently grants the extension, a new expiration date is created to replace the original one. When the new expiration date arrives (and no amendment is filed and no extension is requested), the order of dismissal becomes final on that date. This is precisely what occurred in the present case. On January 2, 1991, the very day upon which the initial leave to amend period would expire, Hertz sought leave to extend its period to amend until January 16. Absent leave of the court, the order of dismissal would have become final on January 2, 1991. However, on January 9, the district judge signed an order granting Hertz's motion and extending the time period for filing an amended complaint until January 16. On January 16--no request for extension and no amendment having been filed--the dismissal order became final, as well as appealable, and the court lost all its prejudgment powers to grant any more extensions. We find, therefore, that although Schuurman authorizes a trial court to enlarge a time period in the manner set out in FED.R.CIV.P. 6(b)(1) (enlargement may be granted if requested before the expiration of the original period),[13] such power does not disturb the finality of the dismissal order.
 
 
 25
 Having decided that the January 16 dismissal constitutes a final judgment, we now decide that the January 16 judgment was entered as a judgment. Rule 59(e), like Appellate Rule 4(a), can be activated only by entry of judgment. In order for Schuurman to find that the dismissal was appealable within the constraints of Appellate Rule 4(a), Schuurman necessarily considered the judgment "entered" at the expiration of the specified time period. By applying this reasoning to Rule 59(e), we advance the twin aims of clarity and consistency. The dismissal without prejudice was therefore entered on January 16, and Alamo's February 1 motion to amend fell outside the ten-day limit.
 
 
 26
 Characterizing Alamo's motion to dismiss with prejudice as an untimely Rule 59(e) motion, we find that the trial court was without authority to consider the motion. Pinion v. Dow Chemical, U.S.A., 928 F.2d 1522, 1525-26 (11th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 438, 116 L.Ed.2d 457 (1991) (ten-day rule is jurisdictional); Wright v. Preferred Research, Inc., 891 F.2d 886, 890 (11th Cir.1990) (per curiam) (same), cert. denied --- U.S. ----, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992). The March 8 dismissal with prejudice was therefore a nullity.[14]
 
 III. CONCLUSION
 
 27
 The trial court surrendered jurisdiction over the dispute between Hertz and Alamo on January 16, 1991. We therefore VACATE the trial court's order of March 8, 1991, which dismissed the case against Alamo with prejudice, and REMAND to the district court for proceedings not inconsistent with this opinion.
 
 
 
 *
 Honorable Truman M. Hobbs, Senior U.S. District Judge for the Middle District of Alabama, sitting by designation
 
 
 [1]
 The ordinance prohibited rental car companies from charging an amount greater than their actual cost for collision damage waivers
 
 
 [2]
 On the same day, the district court granted Alamo summary judgment in a related case in which Alamo had challenged the ordinance's constitutionality. The court found that the portion of Hertz's complaint relying on the unconstitutional ordinance had been seriously undermined, but that Hertz's other claims likely retained their validity
 
 
 [3]
 Since the district court's December 13 order indicated that Hertz's complaint "appears to state a claim for relief under the Lanham Act ... and under Florida Statute Sec. 501.204(1) (1989)," the basis for dismissal is unclear. If the dismissal had been effectuated pursuant to FED.R.CIV.P. 12(b)(6)--which, incidentally, would be questionable in light of the court's statement that the claim appeared colorable--we recognize that such a dismissal would have become a dismissal with prejudice when no timely amendment was filed and no request for an extension was submitted
 
 
 [4]
 The court took no action regarding Enterprise Leasing Company, the one defendant that had not filed a dismissal motion
 
 
 [5]
 Boaz held that a trial court could set aside a dismissal without prejudice at any time during a term of court. Rule 59(e) was drafted to limit the trial judge's ability to set aside such dismissals to a ten-day period. See discussion infra part D
 
 
 [6]
 One codefendant, Enterprise Leasing Company, has not yet filed a Rule 59(e) motion. Under the rule Alamo propounds, Enterprise would theoretically be entitled to await a favorable decision from this court before filing its motion. Such a rule would eviscerate the finality principles that Rule 59(e) seeks to enforce
 
 
 [7]
 The text of Appellate Rule 4(a)(3) reads:
 If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires.
 
 
 [8]
 Professor Moore is only in slight disagreement. Although Moore concedes that the " 'reasonable time' limitation must generally mean no time limit," he suggests that "there may be exceptional situations where the reasonable time limitation would require diligence on the part of the movant." 7 MOORE'S FEDERAL PRACTICE p 60.25 at 242 (2D ED.1993) (emphasis added). Hertz's actions do not implicate this narrow exception
 
 
 [9]
 Commenting on a case similar to the one at bar, a reluctant, but concurring judge offered these instructive words: "Plaintiff had notice of the dismissal but raised no question about it for another [fifteen] months. Plaintiff totally neglected his lawsuit for well over a year and a half. Plaintiff's neglect is what caused this case to be brought here. If I could avoid rewarding that neglect, I would." Pacurar, 611 F.2d at 181 (Wood, J., concurring) (emphasis added)
 
 
 [10]
 See also Finch v. City of Vernon, 845 F.2d 256, 258 (11th Cir.1988) ("style of a motion is not controlling"); Livernois v. Medical Disposables, Inc., 837 F.2d 1018, 1020 (11th Cir.1988) (nomenclature does not determine status of post-trial motion); Lucas v. Florida Power & Light Co., 729 F.2d 1300, 1302 (11th Cir.1984) (same)
 
 
 [11]
 Alamo relies on language found in Wright v. Preferred Research, Inc., 891 F.2d 886 (11th Cir.1990) (per curiam), cert. denied, --- U.S. ----, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992), to support its contention that its motion was not a Rule 59(e) motion because it did not request "reconsideration of matters encompassed in a decision on the merits." Id. at 889 (emphasis added). According to Alamo, a dismissal without prejudice does not constitute a decision on the "merits." This is true only in the sense that the dismissal permits the plaintiff to file another complaint. However, the dismissal without prejudice does constitute a decision on the "merits" in the sense that the decision is substantive and not "collateral to the main cause of action." White v. New Hampshire Dep't. of Employment Security, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982). Because a dismissal without prejudice necessarily evaluates the substantive worth of the elements of a complaint, it embodies a "merits" decision in the way that White contemplated. Alamo's argument is semantically, but not legally, persuasive
 
 
 [12]
 The court below gave no indication that it was acting sua sponte. The March 8 order dismissed only those parties that filed motions; the order also clearly indicated that it was issued in response to "several motions for final order of dismissal with prejudice." In addition, the court failed to act within ten days, as is required by Burnam. 738 F.2d at 1232. Indeed, nearly two months elapsed between the January 16 dismissal without prejudice and the March 8 dismissal with prejudice. The legitimacy of the March 8 order, therefore, cannot be established on the theory that the court was acting, sua sponte, pursuant to Rule 59(e)
 
 
 [13]
 The court need not decide whether the excusable neglect provision of Rule 6(b)(2) could ever apply to circumstances such as these, for the question is not implicated on the record before us
 
 
 [14]
 Alamo argued that this ruling would render it impossible, regardless of the actions it took or the motions it filed, for Alamo to obtain attorney's fees. Even if this court had the power to tailor the Federal Rules of Civil Procedure to accommodate Florida law, Alamo's argument is simply incorrect. Two obvious paths existed by which Alamo could have properly obtained a dismissal without prejudice: first, Alamo could have filed a timely motion to reconsider; second, Alamo could have appealed from the dismissal without prejudice. See, e.g., 9 WRIGHT & MILLER Sec. 2376, at 251 (1971) ("A dismissal is a final order, and appealable as such, whether it is with or without prejudice.")