[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13823

Non-Argument Calendar

_____

KEITH FERNANDEZ,

Plaintiff-Appellant,

*versus*

FREEDOM HEALTH, INC.,
OPTIMUM HEALTHCARE, INC.,
PHYSICIAN PARTNERS, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:18-cv-01959-MSS-JSS

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

## I.

In August 2018, Keith Fernandez filed a qui tam suit against three medical services companies under the False Claims Act. For purposes of this appeal, *what* he claimed is far less important than *when* he filed his pleadings.

After the initial complaint, Fernandez requested and received at least three extensions of time to respond to various motions and file reports. Then, in May 2021, the court dismissed his complaint for failing to plead with sufficient particularity. To fix these defects, the court granted Fernandez an extension: twenty-one days to amend his complaint. That gave him until June 16, 2021. On June 16, however, he requested another extension until July 14, which the court granted.

July 14 came and went with no further action from Fernandez. Two days later, he moved for a third extension of time to file the complaint, which the court denied because he had not explained why the extension was necessary. Over a month later, Fernandez moved again, this time citing communication difficulties as the justification. The court granted the motion, emphasizing that its order represented "one final opportunity to

file an Amended Complaint" by September 20, 2021. "No further extensions will be granted," the court added.

That statement proved premature. Instead of filing the complaint on September 20, 2021, Fernandez filed a motion to stay the case, which the court granted a few months later. In conjunction with the stay, it gave him fourteen days to file his amended complaint, which resulted in a new deadline of April 19, 2022. On that date, Fernandez filed yet another request for an extension of time, but he also—finally—included his amended complaint as well. Almost one year had passed since the original amended complaint deadline.

About four months later, the court dismissed Fernandez's amended complaint for failure to "demonstrate due diligence and just cause for delay" related to proceedings after he filed the amended complaint. The dismissal was with prejudice, the court explained, because Fernandez had "engaged in a clear pattern of delay or willful contempt" and "lesser sanctions would not suffice." He then appealed this dismissal and the court's denial of his motion to reconsider.

## II.

We review jurisdictional questions and the dismissal of a complaint de novo. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719 (11th Cir. 2020). We review the denial of a motion for reconsideration for abuse of discretion. *Id.*

### III.

"The timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (quotation omitted and alteration adopted).  To be timely, a notice of appeal in a civil proceeding "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).

Given the history of this case, it may be unsurprising that Fernandez failed to timely file a proper notice of appeal.  But the path to our holding is not intuitive.  Fernandez did appeal the court's latest dismissal within the required period.  But we do not have jurisdiction to evaluate his appeal because he failed to timely appeal or set aside a much earlier district court order that became the final judgment in his case: the May 2021 dismissal.

Our recent holding in *Automotive Alignment* all but decides this case.  953 F.3d 707.  There the district court had dismissed plaintiffs' complaints without prejudice "with leave to amend within a specified time" but some plaintiffs "missed the deadline to amend without ever seeking an extension of time."  *Id.* at 716, 720.  This Court reiterated that "an order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension."  *Id.* at 719–20; *see Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132–33 (11th Cir. 1994).  And so "the orders of dismissal became final judgments when the deadline to amend expired" and because they were never appealed, this Court

lacked jurisdiction to decide the merits of the later orders that were appealed. *Auto. Alignment*, 953 F.3d at 719–20.

That is almost exactly what happened here. The court dismissed Fernandez's complaint on May 26, 2021 and gave leave to amend until June 16. On June 16, Fernandez moved for more time, and the court extended the deadline until July 14. But Fernandez did not file his complaint before this deadline. Nor did he ask for more time until it had already passed. The court's May 26, 2021 dismissal thus became a final judgment on July 14, 2021. It makes no difference that the case continued after the final judgment. When the judgment became final, the district court "surrendered jurisdiction" and its orders entered "after that time were a nullity and must be vacated." *Id.* at 720 (quotations omitted).

Despite that final judgment, Fernandez still had three options. "The only recourse for a plaintiff who seeks to set aside the final judgment is to appeal, Fed. R. App. P. 3, move to alter or amend the judgment, Fed. R. Civ. P. 59(e), or move for relief from the final judgment, Fed. R. Civ. P. 60(b)." *Id.* In *Automotive Alignment*, we clarified that relief under Federal Rule of Procedure 6(b)(1)(B) was not an option. Even though it allows for past deadlines to be extended, Rule 6(b)(1)(B) "does not allow a district court to extend the time for a party to act after it has entered a final judgment." *Id.* at 720. Thus, even if the court's orders here were grounded in Rule 6(b)(1)(B)—which they never mention—they could not alter the final judgment.

The only way for Fernandez to negate that final judgment was to appeal that order—which he did not—or for the court to grant one or more Rule 59(e) or Rule 60(b) motions. A Rule 59(e) motion, for example, requests that the court alter or amend a judgment. Fed. R. Civ. P. 59(e). And a Rule 60(b) motion asks for relief from a final judgment. Fed. R. Civ. P 60(b). Although none of the motions or orders here references Rule 59 or 60, the court in *Automotive Alignment* raised the possibility that deadline extensions could still qualify under those rules. 953 F.3d at 722. But ultimately it did not consider whether it should "construe the grant of relief under Rule 6(b)(1)(B) as granting a postjudgment motion under Rules 59(e) or 60(b)" because the parties affirmatively waived that argument. *Id.*

On this record, we cannot construe Fernandez's motions and the court's orders in a way that rescues this appeal. No motion references Rule 59 or 60, and no order grants relief under those rules. Of course, we look to "functions rather than labels" when construing motions. *Hertz Corp.*, 16 F.3d at 1131. But a functional lens is not enough here.

Assume, for a moment, that we could construe both Fernandez's July 16, 2021 and August 29, 2021 motions as timely motions to amend, alter, or relieve him of judgment under Rule 59(e) or Rule 60(b). Then the new court-ordered deadline to file the amended complaint would have been September 20, 2021. But Fernandez did not file his complaint or ask for an extension on that date; he moved to stay the case instead. We cannot construe this

motion to stay (or the court's later order granting it) as working under Rule 59(e) or Rule 60(b).    Unlike his motions for extensions—which at least arguably functioned as requests to change the specific due date set out in the May 26 order—the stay motion in no way asked for a change to or relief from the specific final judgment.

So, at the very latest, the judgment became final (again) when the time to amend expired on September 20, 2021, and the district court "surrendered jurisdiction" on that date.    *Auto. Alignment*, 953 F.3d at 720 (quotation omitted).    Yet Fernandez appealed over one year later, on November 10, 2022, and never appealed the May 2021 dismissal.    Even assuming that the court's extensions somehow reopened the judgment or pushed out Fernandez's time to appeal, he never appealed the "operative final judgment[]" in this case, and he could not do so because "the deadline to appeal ha[d] expired."[1]    *Id.* at 722.    The orders on appeal are thus "a nullity" and we cannot review them.    *See id.* at 720.

---

[1] The time to appeal "is measured from the date on which the district court order of dismissal becomes final."    *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986).    We need not decide whether the judgment was required to be set out in a separate order to be considered entered and begin the clock to appeal.    *See* Fed. R. Civ. P. 58; Fed. R. App. P. 4(a)(7).    Even if it were, 150 days after the entry of the dismissal order, the thirty-day appeal window would begin to run, meaning the time to appeal the operative final judgment expired long before Fernandez appealed the later order.    *See id.*

None of Rule 4's other parts could have extended Fernandez's appeal time by a full year.    No Rule 4(a)(5) motion to extend the time to appeal was filed.    And

8                    Opinion of the Court                    22-13823

★        ★        ★

Because the court surrendered jurisdiction in September 2021 at the latest, we **VACATE** the district court orders dismissing the amended complaint and denying reconsideration and **REMAND** for proceedings consistent with this opinion.

---

nothing suggests that the district court reopened the time to file an appeal under Rule 4(a)(6).