[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10331

Non-Argument Calendar

————————————————

THOMAS J. NESTOR,

Plaintiff-Appellant,

*versus*

VPC3 II, LLP,
a Florida Limited Liability,
N.E. APARTMENTS ASSOCIATES, INC.,
a Florida Corporation,
JUDGE JACK DAY,
In his official capacity,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-00265-CEH-TGW

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Nestor, proceeding *pro se*, appeals the magistrate judge's order awarding attorneys' fees pursuant to a settlement agreement after he voluntarily dismissed his complaint.

We review appellate jurisdictional issues *sua sponte* and *de novo*. *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008). It is our duty to determine whether we have jurisdiction over a particular matter. *Id*. The parties are incapable of conferring upon us a jurisdictional foundation we otherwise lack simply by waiver or procedural default. *United States v. Harris*, 149 F.3d 1304, 1308 (11th Cir. 1998); *see also Hertz Corp. v. Alamo Rent-A-Car, Inc.*,16 F.3d 1126, 1131 (11th Cir. 1994) ("Subject-matter jurisdiction can never be waived or conferred by the consent of the parties.").

Appellate jurisdiction is generally limited to "final decisions of the district courts." 28 U.S.C. § 1291. The Federal Magistrates Act created the position of a federal magistrate judge that could be assigned to hear and determine nondispositive pretrial matters, subject to reconsideration by the district court if the order is clearly erroneous or contrary to law, and to conduct hearings and issue recommendations as to eight dispositive pretrial motions, subject

to the district court's *de novo* review.  28 U.S.C. § 636(b)(1)(A)-(B); *see also* Fed. R. Civ. P. 72(a)-(b); *Gomez v. United States*, 490 U.S. 858, 867-69 (1989).

In a narrow exception, if all parties consent, a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case."  28 U.S.C. § 636(c)(1).  "To signify their consent, the parties must jointly or separately file a statement consenting to the referral."  Fed. R. Civ. P. 73(b)(1).  In this situation, "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court."  28 U.S.C. § 636(c)(3); *see also Int'l Cosms. Exch., Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242, 1244 n.1 (11th Cir. 2002) (noting that "[t]he fact that the order was issued by a magistrate [judge] does not affect its appealability" because "[t]he parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. 636(c)(1)").

However, if there is no specific agreement in place, the district court reviews the magistrate judge's recommendations and may accept, reject, or modify them.  28 U.S.C. § 636(b)(1).  When a magistrate judge is proceeding under the supervision of a district court pursuant to 28 U.S.C. § 636(b), his actions "are not final orders and may not be appealed until rendered final by a district court."  *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982).  We lack jurisdiction to hear appeals directly from magistrate judges, because an appeal from a magistrate judge's

ruling must first be taken to the district court, even as to nondispositive decisions.  *See United States v. Schultz*, 565 F.3d 1353, 1359-60 (11th Cir. 2009) (holding that we lacked jurisdiction to hear the defendant's appeal of a magistrate judge's order denying his motion for self-representation); *see also United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980) ("The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates.").  Moreover, subsequent adoption of a magistrate judge's order by the district court does not cure a premature notice of appeal.  *See Perez-Priego v. Alachua Cnty. Clerk of Ct.*, 148 F.3d 1272, 1273 (11th Cir. 1998) (holding that a magistrate judge's report and recommendation was not final and appealable where the district court had not adopted it before the notice of appeal was filed).

Here, we lack jurisdiction to review the magistrate judge's order because the parties did not consent to dispositive magistrate judge jurisdiction and Nestor failed to first appeal the order to the district court.  Accordingly, we dismiss Nestor's appeal for lack of jurisdiction.

**DISMISSED.**