**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11790

Non-Argument Calendar

————————————

EDDIE JAMES MOULTRIE,

*Plaintiff-Appellant,*

*versus*

OFFICER LEON,
OFFICER MEDINA,
OFFICER ARISTIDE,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:25-cv-00169-SPC-KCD

————————————

Before ROSENBAUM, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Eddie Moultrie, a prisoner proceeding *pro se,* appeals from the district court's order denying his motion for reconsideration of its dismissal of his complaint without prejudice.  A jurisdictional question asked the parties to address whether Moultrie's notice of appeal was timely.  Upon review of Moultrie's response and the record, we conclude that we lack jurisdiction because the appeal is untimely.

The district court dismissed Moultrie's complaint without prejudice due to Moultrie's failure to state a claim but gave Moultrie until March 24, 2025 to file an amended complaint.  The court denied Moultrie's motion for reconsideration of that order but extended the deadline to amend the complaint to April 10, 2025.  Moultrie failed to file an amended complaint, and on April 23, 2025, the clerk entered judgment dismissing Moultrie's case without prejudice at the district court's direction.

Because the district court's order denying Moultrie's motion for reconsideration and dismissing his complaint without prejudice became final on April 10, 2025—the final deadline the court set for filing an amended complaint—Moultrie was required to appeal on or before May 12, 2025.  *See Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986) (providing that when a district court dismisses a complaint with leave to amend within a specific timeframe, the dismissal order becomes final on the date the deadline to amend expires); *Hertz Corp. v. Alamo Rent A Car, Inc.*, 16 F.3d 1126, 1132 (11th Cir. 1994) (explaining that when a district court grants an extension of time to file an amended complaint requested

25-11790                Opinion of the Court                3

before the original deadline set forth in an order of dismissal has passed, the order of dismissal becomes final on the date of the new deadline); Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal must be filed within 30 days after the judgment or order appealed from is entered if there is not a federal party); Fed. R. App. P. 26(a)(1)(C) (providing that when the final day of an appeal period falls on a holiday or weekend, the final day to appeal becomes the next day that is not a holiday or weekend).  The entry of the dismissal order and judgment after the April 10 deadline did not affect the appeal period.  *See Burt v. President of Univ. of Fla.*, --- F.4th ---, No. 23-12616, slip op. at 7-8 (11th Cir. Aug. 20, 2025) (rejecting argument that the appeal period began upon entry of final judgment because "*Schuurman* offers no exceptions to its deadline-for-amendment rule").  Thus, Moultrie's notice of appeal—which was deemed filed on May 19, 2025 under the prison mailbox rule—was untimely.  *See* Fed. R. App. P. 4(c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (providing that a *pro se* prisoner's notice of appeal is deemed filed on the date the prisoner delivered it to prison authorities for mailing).  Therefore, we lack jurisdiction over this appeal.  *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010) (holding that a timely notice of appeal is a jurisdictional requirement in a civil case).

Accordingly, this appeal is DISMISSED.  All pending motions are DENIED as moot.